UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEVIN LEE HARRIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>R. VALENCIA, et al.,<br><br>　　　　　Defendants. | Case No.: 1:19-cv-00874-LJO-SAB (PC)<br><br>ORDER SEVERING AND TRANSFERRING CLAIMS FOR LACK OF VENUE, AND DISMISSING REMAINING CLAIM FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 12] |

Plaintiff Tevin Lee Harris is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second amended complaint, filed August 14, 2019.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Ashcroft v. Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Serv., 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff was forced to be housed in hazardous and inhumane conditions from February to August 2018. During this time, Plaintiff showed signs of mental illness, psychosis, and depression. Due to, but not limited to, the constant cell and tier fires, smoke inhalation, unprotected contact with other inmate's feces and blood, urinated toilet water, flooding, and contamination, Plaintiff's mental health began to deteriorate.

Plaintiff Appeal Log No. SAC-HC-18000779, dated February 4, 2018, demonstrates that he notified officials of his concerns regarding his mental health treatment and living conditions. Plaintiff further contends that Appeal Log No. SAC-P-18-01227, dated March 21, 2018, provides Plaintiff notified officials about the inhumane housing conditions and excessive force. Plaintiff contends that Appeal Log No. SAC-P-18-01644 proves he notified officials had knowledge of his concerns and

failed to intervene. Plaintiff contends Appeal Log No. SAC-P-18-01409 also expressed concern regarding the conditions. Plaintiff's Appeal Log No. SAC-P-18-02793 proves that the Defendants were made aware of Plaintiff's pain and suffering, deterioration of his mental health, emotional distress, request for professional help, and request for mental and medical treatment. Appeal Log No. SAC-HC-18001062 provided notice regarding Plaintiff's medical and mental health treatment needs. Plaintiff's Health Care Services Request Form No. 6246670 was known to Defendants as it was attached to Appeal Log No. SAC-HC-18001062, in which Plaintiff described dysfunctional and suicidal behavior. Lastly, Appeal Log No. COR-HC-1900270 proves Plaintiff's claims against Defendants Kristin Kyle and Sergeant Burnes.

Plaintiff seeks monetary damages against all Defendants.

### III.
### DISCUSSION

**A.     Venue**

The venue for Plaintiff's claim relating to the conditions of his confinement and lack of mental and medical care treatment while he was housed at California State Prison, Sacramento is not proper in this Court.

The federal venue statute requires that a civil action be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); see also Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise defective venue sua sponte); Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991) (courts have broad discretion regarding severance).

In addition, pursuant to Rule 120(f) of the Local Rules of the Eastern District of California, a civil action which has not been commenced in the proper court may, on the court's own motion, be transferred to another venue within the district. Local Rule 120(f).

Plaintiff is presented incarcerated at California State Prison, Corcoran. It is now clear from the allegations in the second amended complaint that the bulk of Plaintiff's claim regarding the conditions of his confinement and lack of mental health treatment occurred at California State Prison, Sacramento. Plaintiff also presents a claim against prison officials at California State Prison, Corcoran for unspecified misconduct as presented in Appeal Log No. COR HC 1900270. (Second Am. Compl. at p. 24.)

Venue is not proper in this Court for Plaintiff's claims arising out of events at California State Prison, Sacramento, and those claims may not be pursued. California State Prison, Sacramento is located in the Sacramento Division of the United States District Court for the Eastern District of California. Therefore, the Court will sever and transfer Plaintiff's claims arising at California State Prison, Sacramento. Although venue for Plaintiff's claim arising out of events at California State Prison, Corcoran is proper in this Court, for the reasons explained below, the claim must be dismissed for failure to state a cognizable claim for relief under section 1983.

**B.     Claim(s) Arising at California State Prison, Corcoran**

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 677; Simmons, 609 F.3d at 1020-21; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. In a section 1983 action, the complaint must allege that every defendant acted with the requisite state of mind to violate underlying constitutional provision. OSU Student Alliance v. Ray, 699 F.3d 1053, 1070 (9th Cir. 2012).

As Plaintiff was advised in the prior screening orders, to state a claim under section 1983, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each

4

defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011). To state a claim under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff sets forth his factual allegations regarding his mental condition and conditions of confinements while he was housed at California State Prison, Sacramento and seeks liability against all Defendants, which presumably includes officials at California State Prison, Corcoran. However, as with both prior complaints, the second amended complaint does not contain any allegations to link the Defendants Kristin Kyle and J. Burnes[1] to the violations alleged. A complaint must contain sufficient factual allegations to give the defendant fair notice of the claim and the grounds upon which it rests. Twombly, 550 U.S. at 555. Plaintiff's allegations that Defendants Kristin Kyle and J. Burnes engaged in "wanton behavior" and that Appeal Log No. COR HC 19000270 "connects" them to this complaint is wholly insufficient to give rise to a claim for relief. The Court cannot evaluate any potential viability of the claims that are not factually linked to any individual defendant. As with Plaintiff's prior two complaints, Plaintiff has provided no information as what Defendants Kristin Kyle and J. Burnes did to violate his rights, and only providing brief and conclusory statements relating to "wrongful" conduct, lack of mental health treatment and conditions of confinement at a different institution is not sufficient.

To the extent Plaintiff is attempting to hold Defendant Kristin Kyle liable because she is a supervisor, the claim fails. "Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of *vicarious liability*." Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (citation and internal quotation marks omitted); Ashcroft v. Iqbal, 556 U.S. at 676. "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is 'a sufficient causal connection between the supervisor's wrongful conduct and the

---

[1] Although Plaintiff named L.C. Hence as a Defendant in the second amended complaint, Plaintiff filed a notice of intent to exonerate L.C. Hence on August 22, 2019. Therefore, the Court construes Plaintiff's notice as an intent to waive and dismiss any claim against Defendant L.C. Hence. In any event, the claim against Defendant Hence suffers the same defects as the claims against Kristin Kyle and J. Burnes and is subject to dismissal.

5

constitutional violation.'" <u>Crowley</u>, 734 F.3d at 977 (citation and internal quotation marks omitted). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." <u>Id.</u> As stated above, the complaint is devoid of any factual allegations giving rise to a claim for relief against Defendant Kristin Kyle in a supervisory role or otherwise.

Furthermore, to the extent Plaintiff contends that Defendants Kristin Kyle and J. Burnes are liable based on the processing and/or handling of any inmate appeal, Plaintiff does not and cannot state a cognizable claim. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." <u>Wilkinson v. Austin</u>, 545 U.S. 209, 221 (2005). Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (citing <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988)). Accordingly, Plaintiff fails to state a cognizable due process claim based on the handling of his inmate grievances.

### C. Leave to Amend

Plaintiff was previously advised of the deficiencies set forth herein, provided the legal standards and granted leave to amend twice, but he has failed to cure the deficiencies. Indeed, the Court's second screening order specifically advised that the Court would "provide **one final opportunity** for him to file an amended complaint to cure the deficiencies identified in this order." (Order at 10:25-27, ECF No. 11.) (emphasis in original). The fact that Plaintiff failed to correct the identified pleading defects supports the finding that he cannot do so. Accordingly, further leave to amend is not warranted. See <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000); <u>see also</u> <u>Schmier v. U.S. Court of Appeals for the Ninth Circuit</u>, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

///

///

# IV.

# CONCLUSION AND ORDER

The Court finds that venue is not proper in this Court for Plaintiff's claims arising at California State Prison, Sacramento, and those claims may not be pursued in this action. Therefore, the Court will sever those claims and transfer them to the United States District Court for the Eastern District of California, Sacramento Division. The Court must also dismiss the claims arising at California State Prison, Corcoran for failure to state a cognizable claim for relief.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's claims arising at California State Prison, Sacramento are severed from this action for lack of venue and transferred to the Sacramento Division of the United States District Court for the Eastern District of California;

2. The Clerk of Court shall forward to the Sacramento Division of the United States District Court for the Eastern District of California:

    (a) a copy of this order; and

    (b) a copy of the second amended complaint filed in this action on August 14, 2019 (ECF No. 12);

3. Plaintiff's claims arising at California State Prison, Corcoran are dismissed, without further leave to amend, for failure to state a cognizable claim for relief; and

4. The Clerk of Court shall terminate this action.

IT IS SO ORDERED.

Dated: **September 3, 2019**         /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE