UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEVIN LEE HARRIS,<br><br>             Plaintiff,<br><br>       v.<br><br>R. VALENCIA, et al.,<br><br>             Defendants. | No. 2: 19-cv-1751 KJN P<br><br>ORDER |

Introduction

Plaintiff is a state prisoner, proceeding pro se, with a civil rights action pursuant to 42 U.S.C.§ 1983. On September 5, 2019, this action was transferred to this court from the Fresno Division of the United States District Court of the Eastern District of California. (ECF No. 16.) In the transfer order, the Fresno Court addressed plaintiff's second amended complaint. (Id.) The Fresno Court dismissed the claims arising at California State Prison-Corcoran ("Corcoran") without leave to amend. (Id.) The Fresno Court transferred the claims arising at California State Prison-Sacramento ("CSP-Sac") to this court. (Id.) Plaintiff alleges violations of his Eighth Amendment right to adequate medical and mental health care at CSP-Sac.

On August 29, 2019, plaintiff filed a notice of change of address stating that he was temporarily housed at the Los Angeles County Jail. (ECF No. 15.) Plaintiff requested that this action be stayed because he had to return to the Los Angeles County Jail on October 25, 2019, for

a Franklin hearing.[1]  Plaintiff requested that this action be stayed pending resolution of the Franklin hearing.

On December 30, 2019, plaintiff filed a notice stating that he was still housed at the Los Angeles County Jail. (ECF No. 18.)  Plaintiff also states that he no longer wishes to stay this action. (Id.)  Accordingly, the undersigned herein screens plaintiff's second amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

---

[1] It appears that plaintiff is referring to a hearing pursuant to People v. Franklin, 63 Cal.4th 261 (2016), under which a prisoner may make a record of information relevant to his eventual youth offender parole hearing.

formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Legal Standard for Eighth Amendment Claim

The Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To state a claim a plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett, 439 F.3d at 1096). "Deliberate indifference is a high legal standard," Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted).

Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)).

Further, "[a] difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to

3

deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)). Rather, a plaintiff is required to show that the course of treatment selected was "medically unacceptable under the circumstances" and that the defendant "chose this course in conscious disregard of an excessive risk to plaintiff's health." Snow, 681 F.3d at 988 (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)).

Legal Standard for Linking Defendants to Alleged Deprivations

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673

F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Plaintiff's Claims

Named as defendants are CSP-Sac Chief of Mental Health Valencia, CSP-Sac Psychiatrist Swartwrut, Chief of HCCAB Gates and Supervisor Pleschuk.[2] (ECF No. 12 at 3.)

Plaintiff alleges that he was forced to live in hazardous, inhumane and unsafe conditions in the "PSW" at CSP-Sac from February 2018 to August 2018. (Id.) Plaintiff alleges that he should have been housed in ASU at that time. (Id.) Plaintiff alleges that while he was housed in PSW, he showed many signs of mental illness, psychosis, depression, etc. (Id.) Plaintiff alleges that he expressed his concerns in writing to defendants Valencia, Swartwrut, Gates and Pleschuk, via grievances. (Id.)

Plaintiff alleges that he informed defendants that he suffered feelings of deterioration, pain and suffering and being unsafe. (Id.) Plaintiff alleges that he had these feelings due to constant cell and tier fires, smoke inhalation, unprotected contact with other inmates' human waste, blood and feces and toilet water flooding. (Id. at 4.) Plaintiff alleges that no defendant attempted to remove him from these unconstitutional conditions of confinement. (Id.) Plaintiff alleges that as a result of being housed in these conditions, he suffered mental deterioration, emotional distress, a scar on his left wrist after stitches were removed, etc. (Id.)

Plaintiff goes on to cite several grievances attached to his second amended complaint which he alleges informed defendants of the alleged deprivations. The undersigned discusses these grievances herein.

*SAC P-18-1227*

In grievance SAC-P-18-1227, plaintiff wrote that he was housed in an inhumane environment. (Id. at 9.) Plaintiff wrote that he had been battered by Correctional Officer Ehers, Lao and Rodriguez. (Id.) Plaintiff also wrote that he was left in small cages for sixteen to twenty

---

[2] Also named as defendants in the second amended complaint are Corcoran Deputy Warden Hence, Corcoran Warden Clark, Corcoran Supervisor Kyle and Corcoran Sergeant Burnes. (ECF No. 12 at 3.) The undersigned does not address any claims made against these defendants in the second amended complaint because plaintiff's claims concerning Corcoran have been dismissed.

5

hours at a time with no restroom breaks or food. (Id. at 11.) Plaintiff also claimed that custody would not allow plaintiff to speak to doctors. (Id.)

Grievance SAC-P-18-1227 was bypassed at the first level of review and granted in part at the second level of review. (Id. at 10.) The exhibits attached to the second amended complaint do not demonstrate that any defendant responded to this grievance. Accordingly, the undersigned finds that grievance SAC-P-18-1227 does not link any defendant to the alleged deprivations.

*SAC-P-18-1409*

In SAC-P-1409, plaintiff alleged a delay in having stitches removed. (Id. at 15.) The exhibits attached to the second amended complaint do not demonstrate that any defendant responded to this grievance. Accordingly, the undersigned finds that grievance SAC-P-1227 does not link any defendant to the alleged deprivations.

*SAC-P-18-2793*

In SAC-P-18-2793, plaintiff wrote that custody and mental health staff were refusing to provide him with any health care. (Id. at 39.) Plaintiff wrote that suicidal inmates were setting fires. (Id.) The exhibits attached to the second amended complaint do not demonstrate that any defendant responded to this grievance. Accordingly, the undersigned finds that grievance SAC-P-18-2793 does not link any defendant to the alleged deprivations.

*SAC-P-18-1644*

In SAC-P-18-1644, plaintiff wrote that he was being tortured and that prison officials were conspiring to kill him. (Id. at 45.) The exhibits attached to the second amended complaint do not demonstrate that any defendant responded to this grievance. Accordingly, the undersigned finds that grievance SAC-P-18-1644 does not link any defendant to the alleged deprivations.

*SAC-HC-18001062*

In SAC-HC-18001062, signed by plaintiff on May 1, 2018, plaintiff wrote that he persistently asked the psych tech to remove the stitches, which had been in his left wrist for a long time. (Id. at 17.) Plaintiff wrote that the stitches hindered his ability to take a shower and irritated his skin. (Id.) Plaintiff also asked to speak to a psychologist because he was overwhelmed by thoughts of fear and suicidal ideations. (Id. at 19.) Plaintiff alleged that he

received inadequate mental health treatment. (Id.) Plaintiff alleged that custody and mental health staff conspired to provide him with inadequate mental health treatment. (Id.) Plaintiff alleged that Dr. Thayer told him, for his own good, to request a lower level of care. (Id.) Plaintiff claimed that Dr. Thayer told him that "if his looks haven't helped to better my mental illness then he don't know what will." (Id.) This grievance contains the signatures of defendants Valencia and Pleschek at the Institutional Level of review, indicating that plaintiff's grievance was accepted. (Id. at 17.)

On June 21, 2018, defendant Swartwrut issue an Institutional Response to grievance SAC-HC-18001062 finding that no intervention was required. (Id. at 23, 31.) The response states that plaintiff raised two issues in the grievance: inadequate mental health care and a request for a lower level of care. (Id. at 23.) Defendant Swartwrut wrote, in relevant part,

> On March 28, 2018 you were evaluated for Suicide Risk, documentation noted that you said, "I'm not suicidal, I just wanted to go get a new wrap for my wrist. I had stitches yesterday they did a video and tied a knot with the gauze and now it's loose and falling off." The clinician evaluating you that day noted that you were not a risk to yourself or others and cleared you to return to housing.

(Id. at 31.)

In his appeal to the Headquarters Level, plaintiff wrote that he was not seeking a lower level of care. (Id. at 19.) Attached as an exhibit to the second amended complaint is the Headquarters' Level response to grievance SAC-HC-18001062. (Id. at 21.) It is not clear who prepared this response. However, this response addresses plaintiff's claim regarding the failure to have his stitches removed and his claim alleging inadequate mental health treatment. (Id.) Regarding the stitches, the responses states that plaintiff received an evaluation for a requested dressing change to his left wrist on March 28, 2018. (Id.) "The affected area was assessed and visit notes recorded no redness, swelling, discharge or odor present, with sutures intact." (Id.) "The area was cleaned with ointment applied and covered with gauze dressing." (Id.) "It was noted that there was not an order for suture removal at that time." (Id.) Plaintiff was scheduled for suture removal on March 30, 2018, but refused the appointment. (Id.) The sutures were removed on April 2, 2018. (Id.) The wound showed no signs of infection. (Id.)

7

Regarding plaintiff's claims alleging inadequate mental health care, the Headquarters Level responses stated that plaintiff was currently enrolled in the Mental Health Services Delivery System at the Mental Health Crisis Bed Level of care. (Id.) "You have been provided with the opportunity to access mental health services and clinical staff regarding your health care grievance issues." (Id.) "

Three defendants are identified in responses to grievance SAC-HC-18001062: Valencia, Pleschek and Swartwrut. However, it appears that only defendant Swartwrut reviewed and responded to this grievance. Therefore, it is not clear how plaintiff is alleging defendants Valencia and Pleschek violated his Eighth Amendment rights based on their limited involvement in the processing of grievance SAC-HC-18001062. Accordingly, the claims against defendants Valencia and Pleschek based on this grievance are dismissed with leave to amend.

In responding to grievance SAC-HC-18001062, defendant Swartwrut only addressed plaintiff's claims alleging inadequate mental health care and did not address plaintiff's claim requesting removal of stiches. However, it is clear that by the time defendant Swartwrut issued his response to this grievance, plaintiff's stitches had been removed. For this reason, defendant Swartwrut's failure to respond to plaintiff's request for removal of his stitches did not constitute deliberate indifference.

As discussed above, in his Headquarters Level grievance, plaintiff stated that he was not requesting a lower level of care, as he had requested in the Institutional Level grievance addressed to defendant Swartwrut. Accordingly, the undersigned finds that plaintiff is not claiming that defendant Swartwrut improperly denied his request for a lower level of care.

Based on the discussion above, the undersigned finds that the only claim plaintiff makes against defendant Swartwrut in connection with his response to grievance SAC-HC-18001062 is that defendant Swartwrut acted with deliberate indifference to his claims alleging inadequate mental health care. Plaintiff requested that he be seen by a psychologist and claimed that staff were conspiring to deny him mental health treatment.

Although the undersigned cannot determine when the Headquarters Level response to grievance SAC-HC-18001062 was issued, this response states that plaintiff was in the Mental

Health Crisis Bed Level of Care with access to mental health services. Based on this circumstance, it does not appear that staff were denying plaintiff access to mental health treatment, including access to a psychologist. Accordingly, this claim is dismissed with leave to amend. If plaintiff files an amended complaint, he shall explain in detail how defendant Swartwrut's institutional level decision that grievance SAC-HC-18001062 required no intervention constituted deliberate indifference.

*SAC HC-1800779*

In grievance SAC HC-1800779, signed February 4, 2018, plaintiff wrote that he was paranoid, hearing many different threatening voices and having racing thoughts. (Id. at 25.) Plaintiff wrote the mental health treatment he received at CSP-Sac was inadequate. (Id.) Plaintiff wrote that his requests for "PIP" care were denied. (Id.)

On April 20, 2018, defendant Valencia responded to SAC HC-1800779. (Id. at 29-30.) Defendant Valencia described plaintiff's grievances as raising the following issues: failure to receive adequate mental health treatment, plaintiff did not want to take his mental health medication, plaintiff was denied PIP, and plaintiff would like to transfer to a different institution. (Id. at 29.)

In response to grievance SAC HC-1800779, defendant Valenica wrote,

> You were placed at the EOP LOC and MHCB LOC since you authored this grievance. As such, you have been receiving the appropriate treatment at each of those levels of care based on Program Guide Guidelines.
>
> You were not currently prescribed psychotropic medication at the time of this writing. You have been seen multiple times by an MHMD since writing this grievance. You were able to voice your concerns about not wanting to take medications for Mental Health reasons. Your concerns were heard and no medications were prescribed. Additionally, you have not been assessed for meeting PC2602 criteria, nor has a judge determined you to be in need of PC2602.
>
> You were placed in a higher Level of Care (LOC), MHCB, the day after authoring this grievance; however, it was determined that you did not need Psychiatric Inpatient Program (PIP) LOC at that time. Additionally, you have been seen for two IDTTs since you wrote the grievance and neither interdisciplinary team concluded that you needed the PIP placement. You will continually be assessed during your 1:1 appointments and IDTT meetings for the appropriate LOC.

9

(Id. at 30.)

It does not appear that plaintiff submitted grievance HC HC-1800779 to the Headquarters Level after receiving defendant Valencia's Institutional Level response.

It is not clear how plaintiff is alleging that defendant Valencia's response demonstrated deliberate indifference to plaintiff's mental health needs. Defendant Valencia noted that plaintiff had been placed at the EOP LOC and MHCB LOC since authoring the grievance. Defendant Valencia stated that plaintiff was not taking psychotropic medications, per his request in the grievance. Defendant Valencia stated that it was determined that plaintiff did not qualify for the PIP program. On its face, this response does not demonstrate that defendant Valencia acted with deliberate indifference to plaintiff's mental health needs. Accordingly, this claim is dismissed with leave to amend.

Conclusion

Plaintiff's second amended complaint is dismissed with thirty days leave to file a third amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed;

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Third Amended Complaint.

Plaintiff's third amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The third amended complaint must also bear the docket number assigned to this case and must be labeled "Third Amended Complaint." Failure to file a third amended complaint in accordance with this order may result in the dismissal of this action.

Dated: February 7, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Harr1751.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEVIN LEE HARRIS,<br><br>           Plaintiff,<br><br>   v.<br><br>R. VALENCIA, et al.,<br><br>           Defendants. | No. 2: 19-cv-1751 KJN P<br><br><br>NOTICE OF AMENDMENT |

     Plaintiff hereby submits the following document in compliance with the court's order filed_____.

     _____          Third Amended Complaint

DATED:

                                                         _____
                                                         Plaintiff