UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEVIN LEE HARRIS, | No. 2: 19-cv-1751 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| R. VALENCIA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. The only defendant in this action is R. Pleschuck, who is employed at California State Prison-Sacramento ("CSP-Sac") as a "Ph.d." Plaintiff alleges that defendant Pleschuck denied his requests for adequate mental health care in violation of the Eighth Amendment.

When plaintiff filed this action on June 26, 2019, he was housed at California State Prison-Corcoran ("Corcoran"). On August 29, 2019, plaintiff filed a notice of change of address stating that he had been transferred to the Los Angeles County Jail, where he is currently housed.

On April 14, 2020, the undersigned referred this action to the Post-Screening ADR Project and stayed this action for 120 days. This action is set for a settlement conference before Magistrate Judge Claire on August 25, 2020.

////

1

On April 13, 2020, plaintiff filed a motion to compel prison officials at Corcoran or CSP-Sac to provide him with copies of his medical records. Attached to the motion to compel is a copy of a document titled "Medical Records Department File Review," dated July 18, 2019. In this document, plaintiff requested that Corcoran prison official provide him with copies of various medical records, largely related to his mental health care. Attached to the motion to compel is a letter addressed to plaintiff dated August 1, 2019, stating that plaintiff's request for copies of his mental health records was denied by the clinician.

Plaintiff filed the motion to compel before this action was stayed. Plaintiff may require the documents sought in the motion to compel to prepare for the August 25, 2020 settlement conference.

Prison officials at Corcoran denied plaintiff's request for copies of his medical/mental health records. No defendants are located at Corcoran. Usually persons or entities not parties to an action are not subject to orders for injunctive relief. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969). However, the fact that one is not a party does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a), permits the court to issue writs "necessary or appropriate in aid of their jurisdiction and agreeable to the usages and principles of law." See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir. 1981); United States v. New York Telephone Co., 434 U.S. 159 (1977). This section does not grant the court plenary power to act in any way it wishes; rather the All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir.1979).

Pursuant to the All Writs Act, the undersigned herein directs the Warden of Corcoran to respond to plaintiff's motion to compel alleging that his request for copies of his medical/mental health records was denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days of the date of this order, the Warden of Corcoran shall file a response to plaintiff's motion to compel alleging that his request for copies of his medical/mental health records was denied;

2. The Clerk of the Court is directed to serve this order and a copy of plaintiff's motion to compel (ECF No. 32) on Supervising Deputy Attorney General Monica Anderson and the Warden of California State Prison-Corcoran, 4001 King Avenue, Corcoran, California, 93212.

Dated: June 9, 2020

Harr1751.rec

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE