1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    TEVIN LEE HARRIS,                              No.  2: 19-cv-1751 JAM KJN P

12                      Plaintiff,

13           v.                                      ORDER

14    R. VALENCIA, et al.,

15                      Defendants.

16

17          Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18   to 42 U.S.C. § 1983.  The only defendant in this action is R. Pleschuck, who is employed at

19   California State Prison-Sacramento ("CSP-Sac") as a "Ph.d."  Plaintiff alleges that defendant

20   Pleschuck denied plaintiff adequate mental health care while plaintiff was housed in CSP-Sac A-2

21   PSU during 2018 in violation of the Eighth Amendment.

22          On April 14, 2020, the undersigned referred this action to the Post-Screening ADR Project

23   and stayed this action for 120 days.  This action is set for a settlement conference before

24   Magistrate Judge Claire on August 25, 2020.

25          When plaintiff filed this action on June 26, 2019, he was housed at California State

26   Prison-Corcoran ("Corcoran").  On August 29, 2019, plaintiff filed a notice of change of address

27   stating that he had been transferred to the Los Angeles County Jail, where he is currently housed.

28   ////

On April 13, 2020, plaintiff filed a motion to compel prison officials at Corcoran or CSP-Sac to provide him with copies of his medical and mental health records.  Attached to the motion to compel is a letter addressed to plaintiff dated August 1, 2019, stating that plaintiff's request for copies of his mental health records was denied by the clinician.

On June 9, 2020, the undersigned ordered the Warden of Corcoran to file a response to plaintiff's motion to compel alleging that his request for copies of his medical and mental health records was denied.

On June 23, 2020, the Warden of Corcoran responded to plaintiff's motion to compel. The Warden states that the Health Information Management Office will provide plaintiff with copies of the medical records he requested upon his return to Corcoran.  The Health Information Management Office can also deliver those records to the institution where plaintiff is currently housed, if he needs the records prior to his return to Corcoran.

Regarding plaintiff's request for mental health records, the Warden states that plaintiff's mental health clinician denied the request for mental health records because of the potential harm to plaintiff and to their therapeutic rapport.  Plaintiff discussed the decision with his clinician on August 9, 2019, and the clinician explained to him how it was not in his best interests to have access to his therapy notes.  Under the prison's mental health policies, plaintiff would need to follow up with his mental health clinician to further discuss the reasons why his request was denied.  The Warden states that plaintiff's motion to compel does not indicate that plaintiff ever had any such follow-up discussions with his mental health clinician about his records request.

Based on the Warden's response to plaintiff's motion to compel, the undersigned finds that litigation of plaintiff's claim that he was denied access to his medical and mental health records is better left until after the settlement conference, if appropriate.  Accordingly, plaintiff's motion to compel is denied without prejudice.  However, defendant is directed to provide plaintiff's medical and mental health records from the time during 2018 when defendant Pleschuck allegedly denied plaintiff adequate mental health care to Magistrate Judge Claire for in camera review.  Defendant shall provide these records at the time they submit their confidential settlement conference statement.

2

1      Accordingly, IT IS HEREBY ORDERED that:

2      1.   Plaintiff's motion to compel (ECF No. 32) is denied without prejudice;

3      2.   Defendant shall provide plaintiff's relevant medical and mental health records, as

4           discussed above, to Magistrate Judge Claire for in camera review at the time they

5           submit their confidential settlement conference statement.

6   Dated:  July 1, 2020

7

8                                                   _____
                                                    KENDALL J. NEWMAN
                                                    UNITED STATES MAGISTRATE JUDGE
9   Harr1751.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28