UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEVIN LEE HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>R. VALENCIA, et al.,<br><br>    Defendants. | No.  2: 19-cv-1751 JAM KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Several matters are pending before the court.

<u>Plaintiff's Motion to Extend the Discovery Deadline (ECF No. 89) and Plaintiff's Motion to Compel (ECF No. 90)</u>

*Legal Standard for Motion to Modify Scheduling Order*

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order.  <u>Id.</u>  The court may also consider the prejudice to the party opposing the modification.  <u>Id.</u>  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant

the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

*Legal Standard for Motion to Compel*

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.  The court, however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified.  E.g., Grabek v. Dickinson, 2012 WL 113799, at *1 (E.D. Cal. Jan.13, 2012).  This requires the moving party to inform the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  Grabek, 2012 WL 113799, at *1; Womack v. Virga, 2011 WL 6703958, at *3 (E.D. Cal. Dec.21, 2011).

*Background*

The only defendant in this action is R. Pleschuck.  Plaintiff alleges that defendant Pleschuck violated the Eighth Amendment by denying plaintiff adequate mental health care when plaintiff was housed at California State Prison-Sacramento ("CSP-Sac") during 2018.

On April 13, 2020, plaintiff filed a motion to compel prison officials at California State Prison-Corcoran ("Corcoran") or CSP-Sac to provide him with copies of his medical and mental health records.  (ECF No. 32.)  On July 1, 2020, the undersigned denied plaintiff's April 13, 2020 motion to compel on the grounds that the litigation of plaintiff's claim regarding his access to his medical and mental health records was better left until after the settlement conference.  (ECF No.

2

1    37.)

2    On June 3, 2021, a settlement conference was held. (ECF No. 67.) This action did not
3    settle. (Id.)

4    On July 6, 2021, the undersigned issued the discovery and scheduling order. (ECF No.
5    71.) The discovery deadline was November 5, 2021. (Id. at 5.) All requests for discovery
6    pursuant to Federal Rules of Civil Procedure 31, 33, 34 or 36 were to be served not later than
7    sixty days prior to that date, i.e., September 6, 2021. (Id.) The dispositive motion deadline is
8    January 28, 2022. (Id.)

9    On June 21, 2021, plaintiff filed a motion to compel. (ECF No. 69.) In this motion,
10   plaintiff requested that defendant provide him with his medical and mental health records, C-file
11   records and Unit Health Records. (Id.) On August 4, 2021, the undersigned denied plaintiff's
12   motion to compel filed June 21, 2021. (ECF No. 74.) In this order, the undersigned found that
13   plaintiff failed to serve a request for production of documents on defendant requesting the at-issue
14   documents. (Id.) Accordingly, the undersigned denied plaintiff's motion to compel as premature
15   because he did not serve defendant with a request for production of documents. (Id.)

16   *Discussion*

17   In the pending motion to extend the discovery deadline, filed October 25, 2021, plaintiff
18   requests that the court deem timely the request for production of documents he served on
19   September 23, 2021. (ECF No. 89.) Plaintiff alleges that he could not afford to pay the postage
20   for the request for production of documents until it was served. (Id.)

21   On November 1, 2021, plaintiff filed the pending motion to compel defendant to respond
22   to the request for production of documents served on September 23, 2021. (ECF No. 90.) In this
23   motion, plaintiff alleges that he delayed serving his request for production of documents because
24   he feared prison staff would mishandle his mail. (Id. at 2.) Plaintiff also alleges that he
25   mistakenly believed that defendant was supposed to produce documents with the response to his
26   interrogatories. (Id. at 2.) Plaintiff also alleges that he waited to serve defendant with the request
27   for production of documents until after he received defendant's response to his interrogatories.
28   (Id. at 1-2.)

On November 1, 2021, defendant filed an opposition to plaintiff's motion to compel. (ECF No. 94.)

Plaintiff's claim that he mistakenly believed that he could include requests for production of documents with his interrogatories is undermined by the fact that his interrogatories contained one request for production of documents whereas his request for production of documents contained twelve requests.[1]  (See ECF No. 94-1 at 33; 46-47.)  Therefore, plaintiff's alleged mistaken belief that defendant would serve documents with responses to his interrogatories does not adequately explain his failure to timely serve his request for production of documents.[2]

The undersigned also finds plaintiff's claim that he did not timely serve his request for production of documents based on fear that prison staff would mishandle his mail is unsupported and does not excuse his failure to timely serve his request for production of documents.

Plaintiff's claim that he did not serve the request for production of documents until after he received defendant's response to his interrogatories is not supported by the record.  Plaintiff served the request for production of documents on September 23, 2021, but defendant served him with responses to his interrogatories on October 12, 2021.  (See ECF No. 94-1 at 2.)

While plaintiff claims he could not afford to serve defendant with the request for production of documents before September 23, 2021, plaintiff does not explain why he did not seek an extension of time to serve defendant with the request based on his alleged inability to afford postage.  For this reason, the undersigned is not persuaded by this argument.

/////

---

[1] The Federal Rules of Civil Procedure do not authorize hybrid discovery requests, i.e., requests for production of documents combined with interrogatories.  Holley v. Swarthout, 2013 WL 1284316, at *4 (E.D. Cal. March 28, 2013).

[2] The undersigned observes that several of plaintiff's twelve requests for production of documents seek information not relevant to this action and/or that are otherwise improper.  For example, request no. 1 asks defense counsel to produce documents that show proof of his work history, including how long he has been employed as a deputy attorney general.  (ECF No. 94-1 at 46.)  Request no. 2 asks defense counsel to produce documents showing how he became the legal representative for defendant.  (Id.)  Requests nos. 4 and 10 request production of case law.  (Id. at 46, 49.)  Request no. 6 seeks documents showing whether defendant ever owned a house.  (Id. at 47.)  Request no. 8 asks for all documents regarding any previous lawsuits filed by any inmate or civilian against defendant for any reason during the years 2017-2021.  (Id. at 48.)

The undersigned also observes that to the extent plaintiff's request for production of documents seeks documents contained in plaintiff's medical file, the undersigned advised plaintiff on August 4, 2021, that he must request these documents from defendant in a request for production of documents.³ (ECF No. 74.) Plaintiff had time to serve defendant with a timely request for production of documents after receiving the August 4, 2021 order.

For the reasons discussed above, the undersigned finds that plaintiff did not act diligently concerning the request for production of documents served on September 23, 2021. Accordingly, plaintiff's motion to extend the discovery deadline so that his request for production of documents served September 23, 2021 is deemed timely is denied. For the reasons discussed above, plaintiff's motion to compel defendant to respond to his request for production of documents served September 23, 2021, is denied.

*Other Issues Raised in Plaintiff's Motion to Compel (ECF No. 90)*

Plaintiff moves to compel further responses to interrogatories nos. 3, 5, 6, 8, 9, 10, 14, 16, 20, 22, 23, 24 and 25. (ECF No. 90 at 1.) Plaintiff contends that these interrogatories were "appropriate reasonable requests." (Id.) Plaintiff also states that he will change the wording of interrogatory no. 18 from "psychological and physical self" to "character." (Id.) Plaintiff also states that he will discard interrogatory no. 15 so that there are 25 interrogatories. (Id.)

In the opposition, defendant argues that plaintiff failed to meet his burden of proving defendant's responses were improper. (ECF No. 94 at 3.) Defendant contends that plaintiff did not provide the court with his first set of interrogatories or defendant's responses. (Id.)

Defendant also argues that he objected to interrogatories 3, 6, 8, 9, 10, 14, 16 and 20, but notwithstanding these objections, he substantively responded to each of these interrogatories. (Id.) Defendant argues that plaintiff fails to address his objections or explain how defendant's responses to these interrogatories were deficient or nonresponsive. (Id.) Defendant argues that

---

³ Several of plaintiff's requests appear to seek documents from his medical file. For example, request for production of documents no. 3 seeks any documents from plaintiff's c-file records, unit health records that defendant requested from CDCR on September 28, 2020. (ECF No. 94-1 at 46.) Request no. 12 requests documents showing contact between plaintiff and defendant. (Id. at 49.)

he properly objected to interrogatories nos. 5, 22 and 23.  (Id. at 4-5.)  Defendant argues that plaintiff's motion to compel fails to address these objections.  (Id. at 5-7.)  Defendant also argues that he was never served with interrogatories numbered 24 or 25.  (Id. at 7-8.)

The undersigned finds that plaintiff's request to re-word interrogatory no. 18 is inappropriate.  Plaintiff also failed to provide the court with his interrogatories or defendant's responses.  Plaintiff's motion to compel also does not address defendant's objections to his interrogatories and fails to explain why the responses defendant gave to interrogatories nos. 3, 6, 8, 9, 10, 14, 16 and 20 were deficient.  For these reasons, the undersigned finds that plaintiff failed to meet his burden concerning his motion to compel further responses to interrogatories.  Grabek v. Dickinson, supra; Womack v. Virga, supra.  Accordingly, plaintiff's motion to compel further responses to his interrogatories is denied.

In the pending motion to compel, plaintiff also requests that the court strike some or all deposition questions and order defendant to provide him with a copy of his deposition transcript as a sanction for misconduct allegedly committed by defense counsel during the deposition.  (ECF No. 90 at 3-4.)  Plaintiff alleges that defense counsel failed to tell plaintiff how long the video deposition would take.  (Id. at 4.)  Plaintiff alleges that defense counsel repeatedly asked plaintiff questions that had already been answered.  (Id.)  Plaintiff alleges that defense counsel threatened plaintiff with sanctions if he did not answer questions.  (Id.)  Plaintiff alleges that defense counsel asked questions that were oppressive, argumentative, vague and speculative.  (Id.)  Plaintiff alleges that defense counsel asked Correctional Officer Espino whether there was a computer problem when defense counsel already knew of the problems with the computer used for the deposition.  (Id.)

As observed by defendant in the opposition, plaintiff failed to identify any specific deposition questions that were inappropriate.  The undersigned also finds that defense counsel did not commit misconduct by failing to advise plaintiff how long the deposition would take or by addressing the issue of computer problems.  For these reasons, plaintiff's request for sanctions is

////

////

denied without prejudice.[4]

Defendant's Motion to Modify the Scheduling Order (ECF No. 91)

On October 20, 2021, the undersigned granted plaintiff until November 23, 2021, to respond to defendant's interrogatories (set one) and request for production of documents (set one). (ECF No. 88.)

In the pending motion, defendant requests an extension of time to December 20, 2021, to file a motion to compel regarding plaintiff's responses to defendant's request for production of documents (set one). (ECF No. 91.) Defendant also requests an extension of time to December 20, 2021, to file a motion to compel plaintiff to respond to questions plaintiff refused to answer during his October 25, 2021 deposition. (Id.) Defendant requests that the January 28, 2022 dispositive motion deadline be vacated and reset after all discovery is resolved.

Good cause appearing, defendant's motion to modify the scheduling order is granted nunc pro tunc. Because the proposed deadline of December 20, 2021, passed and defendant did not file a motion to compel, defendant is granted thirty days from the date of this order to file a motion to compel. If no motion to compel is filed within that time, the undersigned will reset the dispositive motion deadline.

Plaintiff's Request for Judicial Notice and Objections (ECF No. 95)

In the request for judicial notice and objections, plaintiff argues that he did not fail to answer deposition questions, as alleged by defendant in the motion to modify the scheduling order. (ECF No. 95 at 1.) Plaintiff also argues that during the deposition, he told defense counsel that he would respond to the request for production of documents. (Id. at 5.) Plaintiff requests that defendant be sanctioned for making misrepresentations in the motion to modify the scheduling order. (Id.)

Plaintiff's claims regarding what occurred during his deposition should be raised in an opposition to defendant's motion to compel regarding these matters, if such a motion is filed.

---

[4] Defendant correctly observes that he is not required to provide plaintiff with a copy of the deposition transcript. Vanderbusch v. Chokatos, 2018 WL 3031488, at *2 (E.D. Cal. June 15, 2018). In addition, based on plaintiff's failure to cite any specific deposition questions, the undersigned does not order defendant to submit the deposition transcript for the court to review.

7

Accordingly, plaintiff's arguments regarding these matters are disregarded as premature.

Plaintiff's Motion to Compel (ECF No. 92)

On November 5, 2021, plaintiff filed a motion to compel. (ECF No. 92.) In his reply to defendant's opposition to his motion to compel filed November 1, 2021, plaintiff states that he is withdrawing the motion to compel filed November 5, 2021. (ECF No. 96 at 6.)

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to extend the discovery deadline (ECF No. 89) is denied;
2. Plaintiff's motion to compel and for sanctions (ECF No. 90) is denied;
3. Plaintiff's motion to compel (ECF No. 92) is withdrawn;
4. The matters raised in plaintiff's request for judicial notice and objections (ECF No. 95) are disregarded as premature;
5. Defendant's motion to modify the scheduling order (ECF No. 91) is granted;
6. Defendant is granted thirty days from the date of this order to file a motion to compel regarding the matters discussed in the motion to modify the scheduling order;
7. The January 28, 2022 dispositive motion deadline is vacated; this deadline will be reset following resolution of all discovery matters.

Dated:  January 19, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Harr1751.dis