UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEVIN LEE HARRIS, | No. 2: 19-cv-1751 DAD KJN P |
| Plaintiff, | |
| v. | ORDER |
| R. VALENCIA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding, without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for recusal of the undersigned. (ECF No. 115.) For the reasons stated herein, plaintiff's motion for recusal is denied.

Legal Standard

Federal law allows a judge to recuse from a matter based on a question of partiality:

> Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. He shall also disqualify himself ... [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding....

28 U.S.C. 455(a), (b)(1).

A party may seek recusal of a judge based on bias or prejudice:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the

1

> matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding ... The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists[.]

28 U.S.C. § 144.

Relief under Section 144 is conditioned upon the filing of a timely and legally sufficient affidavit. A judge who finds the affidavit legally sufficient must proceed no further under Section 144 and must assign a different judge to hear the matter. See 28 U.S.C. § 144; United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). Nevertheless, where the affidavit lacks sufficiency, the judge at whom the motion is directed can determine the matter and deny recusal. See United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999) (citing Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988) (holding that only after determining the legal sufficiency of a Section 144 affidavit is a judge obligated to reassign decision on merits to another judge)); United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995) (if the affidavit is legally insufficient, then recusal can be denied).

The standard for legal sufficiency under Sections 144 and 455 is "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (quoting United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983)); United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986). To provide adequate grounds for recusal, the prejudice must result from an extrajudicial source. Sibla, 624 F.2d 864, 869. A judge's previous adverse rulings alone are not sufficient for recusal. Nelson, 718 F.2d at 321.

Analysis

Plaintiff's motion for recusal in this case is substantively insufficient, as it alleges bias, prejudice and impartiality based on the undersigned's failure to rule on defendant's motion to compel. (See ECF No. 115 at 1-2.) Plaintiff's motion for recusal fails to allege facts to support a contention that the undersigned has exhibited bias or prejudice directed towards plaintiff from an extrajudicial source. Sibla, 624 F.2d at 868. Thus, plaintiff does not provide a basis for recusal and the motion must be denied. See Liteky v. United States, 510 U.S. 540, 555 (1994)

("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); id. ("In and of themselves ... [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved.)

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for recusal of the undersigned (ECF No. 115) is denied.

Dated: October 18, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Harr1751.rec(2)

3