UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEVIN LEE HARRIS, | No. 2: 19-cv-1751 DAD KJN P |
| Plaintiff, | |
| v. | ORDER |
| R. VALENCIA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant's motion to compel, plaintiff's motion for the court to rule on defendant's motion to compel and plaintiff's request for a settlement conference or trial scheduling. (ECF Nos. 107, 114, 120.)

For the reasons stated herein, defendant's motion to compel is granted and plaintiff's pending motions are denied.

Plaintiff's Claims

The only defendant in this action is R. Pleshchuck. Plaintiff alleges that defendant Pleshchuck violated the Eight Amendment by denying plaintiff adequate mental health care when plaintiff was housed at California State Prison-Sacramento ("CSP-Sac") during 2018.

////

1

<u>Legal Standard for Motion to Compel</u>

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." <u>Id.</u> The court, however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." <u>Bryant v. Ochoa</u>, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (citations omitted). "Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." <u>Id.</u> The opposing party "has the burden to show that discovery should not be allowed…" <u>DIRECTV, Inc. v. Trone</u>, 209 F.R.D. 455, 458 (C.D. Cal. 2002).

<u>Discussion</u>

Defendant contends that plaintiff refused to answer questions during his properly noticed deposition about his physical injuries, the medical treatments he received, his administrative exhaustion efforts and the names of any potential witnesses he intends to call at trial. Defendant also contends that plaintiff failed to produce documents in response to a request for production of documents.

*Plaintiff's Deposition*

Defendant contends that during the October 25, 2021 deposition, conducted via remote video conference, plaintiff testified that defendant Pleshchuk deprived plaintiff of adequate mental health care by failing to provide him with adequate mental health care (in the form of group therapy) and failed to intervene to ensure that he received the mental health care he

2

requested. Citing plaintiff's deposition transcript at pp. 46:17-49:12; 50:17-54:23; 55:7-57:3 and 58:1-59:15), defendant contends that plaintiff later testified that defendant was indifferent to and responsible for physical injuries not mentioned in the operative complaint, including physical pain, bruises, gashes, pain in his bones, pepper spray and smoke inhalation.[1] The undersigned discusses plaintiff's relevant deposition testimony herein.

Plaintiff testified that after his first interaction with defendant Pleshchuck, when he told her that his mental health was deteriorating, he suffered injuries including gashes on his wrists from slitting his wrists and exposure to pepper spray. (ECF No. 107-2 at 46:19-25.) Plaintiff also testified that he suffered bone pain and bruising. (Id.) It appears that these injuries were allegedly related to injuries he suffered from slitting his wrists. (Id.) Plaintiff could not remember when these events occurred. (Id. at 47:1-61:12.)

Regarding his physical injuries, plaintiff testified:

> Q: Okay. And continuing your claiming that the number of incidents at PSU self-harm or your being harmed by, uh, correctional officers, that's the defendants acting with indifference to those injuries when you told her about them, right?
>
> A: Um, suffered from should I say with regards to other inmates setting fires as well, you know, and the smoke inhalation of their smoke from their cells when they—my breathing. You know, spitting up blood and all that it started with them setting fires.

(Id. at 53:19-54:4.)

When asked if defendant Pleshchuck was present for these incidents, plaintiff testified, "Well, her presence in the building and her ability to observe, to hear about the concerns that, you surrounded the fire and the inmate setting the fire makes her present at the scene. So, she was present at the scene." (Id. at 54: 19-23.)

Counsel asked plaintiff what injuries he claimed he experienced because of defendant's actions. Plaintiff testified that he suffered from smoke inhalation and bone pain. (Id. at 55:7-10.) Plaintiff also identified his injuries as "the stitches injury," bone pain, headaches, breathing issues

---

[1] In the motion to compel, defendant's page and line citations use the Bates numbers assigned to the deposition attached to the motion as exhibit A (ECF No. 107-2.) For consistency, the undersigned also refers to the Bates numbers.

3

from smoke inhalation, burning eyes, sore throat, back injuries, ankle injuries, wrist injuries from unnecessary restraint. (Id. at 56: 17-69:1.)

Counsel questioned plaintiff about stitches he received after, apparently, slitting his wrists. (Id. at 57: 1-25.) Regarding the stitches, counsel asked plaintiff, "Okay. When are you claiming that this happened? When did the defendant provide you with inadequate medical care?" (Id. at 58:1-3.) Plaintiff responded, in part, "I believe I'm not stating that the defendant gave me any medical care, you know, according to my knowledge, the defendant went out of her way to not give me medical care and, you know—and deprive me of medical care. And if she in any way did give me medical care, um, you know, I don't know. I'm not sure how. I not sure how. That's my answer sir." (Id. at 58:7-14.)

Defense counsel then asked plaintiff, "Okay. So, let me break up your answer into two parts. You said that she did not give you medical care; is that right?" (Id. at 78:15-17.) Plaintiff responded,

> And from my recollection at that time, you know, I believe that the defendant, your client, defendant Pleshchuck, went out of her way to deprive me of my medical care and personally—according to this—this is also according to her, the defendant Pleshchuk's and your own statements, that she did not personally render me any medical care. So, according to the statement that I was given by the defendant Pleshchuck and you, and interrogatory—my interrogatory response to your response to my interrogatories, this is your statement as well.

(Id. at 58:19-25-59: 1-5.)

Defendant contends that toward the end of the deposition, plaintiff began objecting to and refused to answer follow-up questions about how defendant had deprived him of adequate medical care for physical injuries. Defendant cites an exchange at ECF No. 107-2 at 59: 16-67:21. The undersigned cites some of this discussion herein:

> Q: Okay. Mr. Harris, you said the defendant deprived you of medical care; is that right?
>
> A: Deprived me of adequate medical care, I believe that's my statement.
>
> Q: Okay. Deprived you of adequate medical care. What adequate medical care did the defendant deprive you of?

4

> A: I object to both questions that you asked. Again, it's argumentative and are oppressive. And I've already answered those questions in this deposition today.
>
> Q: Just to clarify, Mr. Harris—
>
> A: By referring you to my previous answers in this deposition today. And referring to you to the complaint as well, and my interrogatories, possibly other declarations and document that I filed for this complaint at issue, I refer you that that. That's what my answer is.
>
> Q: Are you saying the only information that you have to give is what you've already provided in this deposition and in all of your other filings in this case with regards to deprivation of medical care that you have received or not received?
>
> A: Um, sure.
>
> Q: You can't tell me when exactly you were supposed to have received medical care the defendant deprived you of?
>
> A: I've stated—I've already—I object to the question. I've already answered that question you asking me right now. I object to the statement you just made with regard to the previous question that you asked me or you want to me to answer. Because I've already answered those questions. And I've already give you reference to how you can further get those questions answered.

(Id. at 59: 16-60: 25.)

The undersigned reviewed the deposition testimony cited by defendant (id. at 59: 16-67:21) and finds that plaintiff objected to the follow-up questions about how defendant deprived him of adequate medical care on the grounds that he had already answered the questions, the questions were argumentative and oppressive, speculative, and plaintiff referred defense counsel to plaintiff's complaint and previously filed documents.

Defendant contends that counsel later asked plaintiff about his efforts to exhaust administrative remedies. Defendant contends that plaintiff either refused to answer or directed counsel to other documents that did not answer counsel's question:

> Q: Did you exhaust your grievance about your claims against the defendant?
>
> A: More than likely, yes.
>
> Q: Do you remember the log number for that grievance?
>
> A: Um, I would have to refer you to my—well, I'm gonna object to that question first. It says that this is speculative, it is argumentative.

5

And, you know, for the reasons stated before. But I will also try to answer the question. You know, at the time I don't have—you know, I will refer you—I should say I will refer you to my complaint, the exhibits, files with the second and third amended complaint, and the declaration that was served, as well with the complaint that was filed—that are filed in the Eastern District Court, Sacramento records, you know. And, also, like, there are healthcare grievances that I would like to refer you to that's part of the exhibits and the records, references I made in declarations. And at this time, you know, that's my answer. And, you know, they were exhausted.

Q: Mr. Harris, in the interrogatory you only claim you exhausted your claims. I just want to make sure, are there any other claims besides the one that you've identified or is there more?

A: Which number is that?

Q: You previously gave log number SACHC18001062. Are there any other grievances that exhaust your claims against the defendant, but your interrogatory responses.

A: Can you repeat that number again, please.

Q: SACHC180001062.

A: Well, there's many more and—there's many more. There's—I believe there's at least one more. And, at this time, I definitely stand by my interrogatory responses because there are more as well, I believe, you know, because—

Q: Mr. Harris, you're saying that there's more appeals. Why did you only identify one in your interrogatory response?

A: Well, I object to the question because, you know, it's kind of argumentative, you know, indicatory of argumentative. Because what I'm saying is that, I refer you to the complaint in my case and all the documents that I filed for this case at issue. My declaration and everything. I stand by all those claims and statements that I made in—for this case at issue. So, that's your answer. For the most part, to try to give you a answer in this deposition is what I'm trying to do. But it seems—because your question seems argumentative, speculative. Then the computer technicalities. But I don't have any notes here.

Q: So, sir, that's why I asked you. So you don't remember if there are any other grievance log numbers that I—let me just rephrase the question then. Do you remember any other besides Log. No. SACHC10801062?

A: Well, sure. Yes, sir.

Q: Do you remember other log numbers?

A: Yes, sir.

6

> Q: Okay. What are those log numbers?
>
> A: I object to the question because my answer—I object to the question because it's argumentative, speculative and oppressive. You got—I documented and filed all the log numbers or gave you reference to all the log numbers. I will also refer you to the records you already have. I stand—I can't—sir, your computer froze. You didn't hear me sir?
>
> Q: No, I need you to repeat your answer.
>
> A: Oh, well, okay. I object to your question because –because it's argumentative, oppressive, and speculative. I will try to give you an answer again or try to answer your question. Um, I refer you to all the documents that I filed. And there are more grievances that's been documented in the records that I filed to serve upon you and the court. So, I refer to them. Um, that's my answer.
>
> Q: Okay. So, other than the grievance, interrogatories, you identify other court filings, there's no other grievances that I should be aware of?
>
> A: I object to that statement. And to the statement you just made because you have records that I referenced in documents that I've served. I don't know just such as the interrogatories and other declarations, notices, and court documents that I filed in the court with our and the courts so I say that refers you to the records that you requested from my file, my mental health file, and my client healthcare file, so I would refer you to that. That's my answer. And I also—sorry to—I'm sorry to, you know, interrupt in a sense. But I also refer you to the fact that you definitely have knowledge of that because, again, you got the records. You know, you requested it in the beginning phases of this case. So, I believe there's more. And I believe you have the reference more so than me at this time. Your computer seems like it's frozen, sir. I don't know.

(Id. at 69:8-73:11.)

Defendant contends that counsel asked plaintiff to identify the witnesses he planned to call at trial. Defendant contends that plaintiff refused to identify those potential witnesses:

> Q: Okay. Mr. Harris, so you have any witnesses that you're planning to call at trial to discuss your claims against the defendants?
>
> A: Sure.
>
> Q: Who are those witnesses going to be?
>
> A: Um, the witnesses that I've stated in my responses to the defendant's interrogatories and possibly a few others.
>
> Q: Who are those few others?
>
> A: Well, um, at this time, it depends on, you know the potential

7

> responses of my potential other pretrial motions. Um, the response are ordered—made for them. You know, it depends on what the court ruling potential and, you know, that I—I'm able to, you know, provide that information.
>
> Q: Do you know the names of those witnesses?
>
> A: Objection, sir. That's argumentative and oppressive. Or should I say—yeah, it's argumentative and oppressive as stated in my interrogatory responses. And then if you are asking interrogatories, the possible other reasons I may call—

(Id. at 74:8-75:4.)

Defendant contends that at the end of the deposition, counsel attempted to return to the line of questioning regarding plaintiff's injuries and medical treatment, but plaintiff again objected and refused to answer:

> Q: Mr. Harris, there were a number of questions that you refused to answer during this deposition. Do you want to take the opportunity to amend your responses to those and respond to the questions that I asked, including the questions about the injuries that you allegedly experienced and who diagnosed them, and when you received those injuries?
>
> A: What are you trying to say?
>
> Q: Earlier in this deposition, I asked you about the medical injuries that you alleged you experienced. Do you remember that?
>
> A: I object to the question. Argumentative. You are on mute right now. You are on mute.
>
> Q: Can you hear me?
>
> A: I can hear you.
>
> Q: Mr. Harris. Okay. Let me rephrase the question then. Mr. Harris, earlier in this deposition I asked you who diagnosed you with the injuries that you testified about in your deposition. And those injuries include the stitches that you received, the bone pain that you said you experienced, the headaches, I believe issues due to smoke inhalation, wrist injuries, back injuries and other unspecified injuries. And for those injuries, I asked you to identify who diagnosed you with those injuries, and I asked you when you were diagnosed with those injuries, and you have not responded those questions. Do you remember that?
>
> A: I object. Um, argumentative, the question right now, and oppressive.

8

> Q: Before we end this deposition, will you identify who diagnosed you with each of those medical injuries and when you were diagnosed?
>
> A: I objective. Argumentative, oppressive and speculative.
>
> Q: So, Mr. Harris—
>
> A: I object sir. Argumentative, oppressive, speculative. That's my answer.

(Id. at 76:23-78:11.)

"A party seeking discovery may move for an order compelling an answer .... if ... a deponent fails to answer a question asked under Rule 30 or 31." Fed. R. Civ. P. 37(a)(3)(B)(i). "Generally, instructions not to answer questions at a deposition are improper." Vasquez v. Leprino Foods Company, 2019 WL 1934015, at *2 (E.D. Cal. May 1, 2019) (citing Detoy v. City and County of San Francisco, 196 F.R.D. 362, 365 (N.D. Cal. 2000)). "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2); see also Boyd v. University of Maryland Med. System, 173 F.R.D. 143, 147 (D. Md. 1997) (instruction not to answer is "presumptively improper"); Vasquez, 2019 WL 1934015, at *6 (instruction not to answer based on relevance or as outside the scope of discovery are improper); Robinson v. Chefs' Warehouse, 2017 WL 4509142, at *3 (N.D. Cal. Oct. 10, 2017) (finding improper instructions not to answer based on exceeding the scope, harassing the witness, lack of relevance). If a party believes that a particular question asked of a deponent is improper for any other reason, that party may object; however, 'the examination still proceeds; the testimony is taken subject to any objection.'" Mendez v. R+L Carriers, Inc., 2012 WL 1535756, at *1 (N.D. Cal. Apr. 30, 2012) (quoting Fed. R. Civ. P. 30(c)(2)).

The undersigned finds that plaintiff failed to answer defendant's follow-up questions regarding his physical injuries, defendant's alleged failure to provide medical care, his administration exhaustion efforts and the names of potential witnesses. Instead, plaintiff posed objections to these follow-up questions. Plaintiff's objections were improper because they were not made to preserve a privilege or an order by the court.

Federal Rule of Civil Procedure 30(d)(3) allows a party to terminate or limit a deposition on the grounds that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses or oppresses the deponent. A motion, pursuant to Rule 30(d)(3), may be filed in the court where the action is pending or the deposition is being taken. Plaintiff did not move to terminate or limit his deposition pursuant to Rule 30(d)(3).

The undersigned also finds that plaintiff's objections lacked merit. Plaintiff's objection that counsel's question had been asked and answered was without merit. See Holloway v. County of Orange, 2021 WL 430697, at *4 (C.D. Cal. Jan. 11, 2021) (in the context of a deposition, "asked and answered" objections are without merit).

The undersigned finds that counsel's questions were neither argumentative, speculative nor oppressive. Therefore, plaintiff's objections on these grounds were without merit. Moreover, Rule 30(d) provides a procedure for terminating depositions conducted in bad faith or in a manner that oppresses the deponent. Plaintiff did not invoke the procedures set forth in Rule 30(d).

The undersigned also observes that plaintiff's reference to documents without further explanation in response to deposition questions was improper. See F.D.I.C. v. 26 Flamingo, LLC, 2013 WL 3975006, at *6 (D. Nev. Aug. 1, 2013) (deponent may not refer to document that "speak for themselves" in response to deposition question); Scientific Games Corporation v. AGS LLC, 2017 WL 3671286, at *4 (D. Nev. Aug. 24, 2017) (one cannot avoid facing deposition questioning by simply referring to the production of related documents).

The undersigned further observes that while defense counsel questioned plaintiff regarding topics that were addressed in interrogatories, i.e., plaintiff's administrative grievances and witnesses, these questions were not improper. See Covino v. Spirit Airlines, Inc., 2021 WL 2955898, at *2 (D. Nev. July 14, 2021) ("Courts do not generally find depositions and interrogatories to be impermissibly duplicative of one another as they serve different functions."); Shoen v. Shoen, 5 F.3d 1289, 1297 (9th Cir. 1993) ("Written interrogatories are rarely, if ever, an adequate substitute for a deposition.").

In his opposition, plaintiff argues that defendant's motion to compel is untimely. (ECF No. 111 at 1.) Plaintiff also argues that the court erred in granting defendant's motion for an

extension of time to file the motion to compel. (Id.) Plaintiff also argues that he answered the questions at his deposition regarding medical treatments and exhaustion of administrative remedies. (Id.) Plaintiff also contends that he addressed these matters in responses to interrogatories. (Id.)

Defendant's motion to compel is not untimely. On January 19, 2022, the undersigned granted defendant's motion to modify the scheduling order and granted defendant thirty days to file a motion to compel. (ECF No. 97.) On March 1, 2022, the undersigned granted defendant an extension of time until March 4, 2022 to file a motion to compel. (ECF No. 105.) Defendant filed the motion to compel on March 4, 2022. (Id.)

Plaintiff's argument that the undersigned erred in granting defendant's motion to modify the scheduling order should have been raised in a request for reconsideration of that order. The time to file a request for reconsideration has passed. See Local Rule 303(b) ("rulings by Magistrate Judges . . . shall be final if no reconsideration thereof is sought from the Court within fourteen days . . . from the date of service of the ruling on the parties.").

Regarding plaintiff's argument that he answered defendant's questions regarding medical treatment and exhaustion of administrative remedies at his deposition, the undersigned above found that plaintiff did not answer defendant's follow-up questions regarding these matters. As discussed above, defendant was not precluded from asking plaintiff deposition questions regarding matters addressed in interrogatories.

For the reasons discussed above, defendant's motion to compel is granted. Defendant states that due to the expense and burden of conducting a deposition in the institutional setting, defendant does not desire to depose plaintiff a second time. Defendant proposes that the court instead order plaintiff to provide verified responses to the following interrogatories:

1. Identify and describe any medical treatment or mental health care that defendant Pleshchuck interfered with, deprived you of, or prevented you from receiving between March 2018 and April 2018.

2. Identify the specific dates and times when defendant Pleshchuck interfered with, deprived you of, or prevented you from receiving medical care or mental health

    treatment between March 2018 and April 2018.

  3. Identify and describe all physical and mental health injuries that you experienced as a result of defendant Pleshchuck's actions or inactions between March 2018 and April 2018.

  4. Identify all medical and mental health staff members who diagnosed you with the physical and mental health injuries described in response to Question 3, and identify the specific dates when you were so diagnosed.

  5. Identify the log numbers for all CDCR 602 grievances that exhaust your administrative remedies against defendant Pleshchuck.

  6. Provide the names of all potential witnesses who witnessed any facts supporting your claim against defendant Pleshchuck and who you intend to call at trial.

  7. For each witness you intend to call at trial, describe the testimony that this witness is expected to offer.

(ECF No. 107-1 at 18.)

  The undersigned finds that rather than conducting a second deposition of plaintiff, defendant may serve plaintiff with written interrogatories, pursuant to Federal Rule of Civil Procedure 33. Federal Rule of Civil Procedure 1 (courts should construe, administer, and employ Federal Rules of Civil Procedure to secure the just, speedy and inexpensive determination of every action). However, for the reasons stated herein, defendant is ordered to modify proposed interrogatories nos. 1-4.

  In the motion to compel, defendant did not claim that plaintiff failed to adequately answer or improperly objected to deposition questions regarding the mental health care defendant allegedly failed to provide and the resulting injuries to his mental health. (ECF No. 107-1 at 6.) Rather, defendant argued that plaintiff refused to answer follow-up questions about how defendant deprived him of adequate medical care for physical injuries. (Id. at 6-7.) For this reason, proposed interrogatories 1-4 are overbroad in that they seek information from plaintiff regarding his claim concerning defendant's alleged denial of mental health treatment to plaintiff. Defendant shall omit reference to plaintiff's mental health and mental health injuries in the

interrogatories served on plaintiff.

Proposed interrogatory no. 5 is appropriate in that it seeks clarification from plaintiff regarding the log numbers of grievances that exhausted his claims against defendant Pleshchuck. Proposed interrogatory no. 6 is appropriate in that it seeks clarification from plaintiff of the potential witnesses plaintiff intends to call at trial. Proposed interrogatory no. 7 is appropriate in that it seeks information regarding the proposed testimony of plaintiff's witnesses.

Defendant shall serve plaintiff with the supplemental interrogatories, as discussed above, within fourteen days of the date of this order. Plaintiff shall serve defendant with responses to the supplemental interrogatories within thirty days of service of the supplemental interrogatories.

*Request for Production of Documents*

A party may move for an order compelling production of documents when a party fails to produce documents as requested under Rule 34. See Fed. R. Civ. P. 37(a)(3)(B)(iv).

Defendant moves to compel further responses to request for production of documents nos. 2-5 and 9-11. The undersigned herein sets forth the at-issue requests.

> Request no. 2: Produce all CDCR 602 Inmate/Parolee Appeal forms, and any documents attached to those forms, that you submitted related to the claims alleged in your complaint against defendant Pleshchuck. This includes producing all documents you may have identified in response to Defendant Pleshchuck's interrogatory no. 1 (set one). This includes producing all responses you received to an CDCR 602 Inmate/Parolee forms that you submitted related to the claims alleged in your complaint against defendant Pleshchuck.
>
> Request no. 3: If you contend or plan to contend you were unable to exhaust the CDCR inmate appeal process regarding the claims alleged in your complaint against defendant Pleshchuck, produce all inmate appeals, documents, and communications that show you were unable to exhaust your claims against defendant Pleshchuck. This includes producing all documents you may have identified in response to defendant Pleshchuck's interrogatory no. 3 (set one).
>
> Request no. 4: Produce all documents that support the allegation from your complaint that "in 2018 [defendant Pleshchuck] was told directly by plaintiff at cell front, and rotunda in the aforementioned location about the plaintiff's aforementioned needs, mental detioration, and psycosis [sic] during the time of arrival [sic] at CSP-Sac, A-2 PSU, 2018 had worsed [sic] within the month of February." (ECF No. 20 at 3.) This includes producing all documents you may have identified in response to defendant Pleshchuck's interrogatory no. 7 (set one). This includes producing all documents related to your conversations with defendant Pleshchuck, and producing all

13

> document that support your allegations about your medical and mental health needs during the month of February 2018.
>
> Request no. 5: Produce all documents that support the allegation from your complaint that "[Defendant Pleshchuck] never given any services and or interviews for plaintiff's aforementioned health care issues, etc. and although she was walking around of I/M PSU housing unit many times when plaintiff mentally decompensated, attempted suicide, slit writs and was battered by C/Os and done nothing to intervene or get him proper adequate help." (ECF No. 20 at 3.) This includes producing all documents you may have identified in response to defendant Pleshchuk's interrogatory no. 8 (set one). This includes producing all documents, including medical and mental health records, that support your contention that you experienced mental decompensation, attempted suicide, slit writs, and battery from correctional officers.
>
> Request no. 9: Produce all documents and communications that are relevant to any physical injuries you experienced as alleged in your complaint.
>
> Request no. 10: Produce all documents and communications that are relevant to any emotional injuries that you experienced, as alleged in your complaint.
>
> Request no. 11: Produce all documents and communications that are relevant to any mental health injuries that you experienced as alleged in your complaint.

(ECF No. 107-2 at 101-05.)

On September 3, 2021, defendant served plaintiff with the request for production of documents. (ECF No. 107-2 at 1.) On November 10, 2021, defendant received plaintiff's response to defendant's request for production of documents. (Id. at 2.) Defendant argues that in response to request nos. 2-5, 9-11, plaintiff produced no documents. Instead, plaintiff referred defendant to plaintiff's complaints, declarations and exhibits filed in this action. (Id. at 101-05.)

The undersigned finds that in his responses to request for production of documents nos. 2-5, 9-11, plaintiff generally referred to documents attached to his complaint, court records, declarations and exhibits. Plaintiff did not specifically identify any documents. Plaintiff's general referral to his complaint, court records, declarations and exhibits is not an adequate response to defendant's request for production of documents. See C.T. v. Liberal School Dist, 2008 WL 394217, 5 (D.Kan. 2008) (responding to a request for production by making a general reference to interrogatory answers, attached documents or initial disclosures is improper).

Accordingly, defendant's motion to compel a further response to request for production of documents nos. 2-5, 9-11 is granted. Plaintiff shall serve defendant with a supplemental response to request nos. 2-5, 9-11 within thirty days of the date of this order. In the supplemental response, plaintiff shall provide defendant with the documents responding to each request.

<u>Plaintiff's Motion for a Ruling on Defendant's Motion to Compel (ECF No. 107)</u>

Plaintiff filed a motion requesting that the court rule on defendant's motion to compel. (ECF No. 107.) This motion is denied as moot because the instant order addresses defendant's motion to compel.

<u>Plaintiff's Request for Settlement Conference or Pretrial Scheduling (ECF No. 120)</u>

Plaintiff requests that the court order defendant to respond to plaintiff's last offer for settlement or, in the alternative, schedule the trial.

The undersigned cannot order defendant to respond to plaintiff's settlement offer. If both parties desire a settlement conference, the undersigned will schedule a settlement conference. As discussed in the January 19, 2022 order (ECF No. 97), the undersigned will reset the dispositive motion deadline following resolution of all discovery matters. For these reasons, plaintiff's motion for a settlement conference or scheduling of the trial is denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel (ECF No. 107) is granted;
2. Defendant shall serve plaintiff with the supplemental interrogatories, as discussed above, within fourteen days of the date of this order; plaintiff shall serve defendant with his responses to the supplemental interrogatories within thirty days of service of the supplemental interrogatories;
3. Plaintiff shall serve defendant with supplemental responses to request for production of documents nos. 2-5, 9-11 within thirty days of the date of this order;
4. Plaintiffs motion for the court to rule on defendant's motion to compel (ECF No. 114) is denied as moot;

////

////

15

5. Plaintiff's motion for a settlement conference or trial scheduling (ECF No. 120) is denied without prejudice.

Dated: October 19, 2022

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Har1751.com