UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TEVIN LEE HARRIS,

         Plaintiff,

   v.

R. VALENCIA, et al.,

         Defendants.

No. 2: 19-cv-1751 DAD KJN P

ORDER

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for reconsideration of the October 20, 2022 order granting defendant's motion to compel.[1] (ECF No. 124.) Also pending is plaintiff's motion for extension of time to provide defendant with supplement responses to request for production of documents nos. 2-5, 9-11.

For the reasons stated herein, plaintiff's motion for reconsideration is denied and plaintiff's motion for extension of time is granted.

////

////

////

---

[1] Plaintiff's motion for reconsideration appears to be addressed to the undersigned.

1

1    Motion for Reconsideration

2         *Legal Standard*

3         Federal Rule of Civil Procedure 60(b) governs the reconsideration orders of the district

4    court. Rule 60(b) permits a district court to relieve a party from an order or judgment on grounds

5    of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...;

6    (3) fraud ... of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied ... or

7    (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

8         Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to

9    show the "new or different facts or circumstances claimed to exist which did not exist or were not

10   shown upon such prior motion, or what other grounds exist for the motion." To succeed on a

11   motion for reconsideration, a party must set forth facts or law of a strongly convincing nature to

12   induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of

13   Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other

14   grounds, 828 F.2d 514 (9th Cir. 1987). Reconsideration of a prior order is an extraordinary

15   remedy "to be used sparingly in the interests of finality and conservation of judicial resources."

16   Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted); see

17   also Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule

18   60(b)).

19        *Discussion*

20        Plaintiff seeks reconsideration of the October 20, 2022 order granting defendant's motion

21   to compel. (ECF No. 122.) In the motion to compel, defendant argued that plaintiff failed to

22   answer questions during his properly noticed deposition. (Id. at 2.) After reviewing plaintiff's

23   deposition testimony, the undersigned found that plaintiff failed to answer defendant's proper

24   follow-up questions regarding plaintiff's physical injuries, defendant's alleged failure to provide

25   medical care, plaintiff's administrative exhaustion efforts and the names of any potential

26   witnesses. (Id. at 10.) Instead of deposing plaintiff a second time, the undersigned ordered that

27   defendant could serve plaintiff with interrogatories regarding the topics plaintiff failed to address

28   at his deposition. (Id. at 11-12.)

1    In the October 20, 2022 order, the undersigned also granted defendant's motion to compel

2    further responses to request for production of documents nos. 2-5, 9-11.  (Id. at 13-15.)  The

3    undersigned ordered plaintiff to serve supplemental responses to these requests within thirty days

4    of the date of the order.  (Id. at 15.)

5    In the motion for reconsideration, plaintiff first contends that the court and defendant

6    referred to pages of his deposition transcript using Bates numbers.  (ECF No. 124 at 4.)  Plaintiff

7    contends that he never saw the Bates numbers on the pages of the deposition transcript.  (Id.)

8    In the motion to compel, defendant referred to the Bates numbers assigned to the

9    deposition transcript pages, attached to the motion to compel as Exhibit B.  (ECF No. 107-2.)  For

10   consistency sake, the undersigned also referred to the Bates numbers in the October 20, 2022

11   order.  (ECF No. 122 at 3 n. 1.)  Plaintiff is informed that the Bates numbers are the page

12   numbers added by defense counsel at the bottom right corner of the pages of the deposition

13   transcript, e.g., "Chan Ex. B-010."

14   Plaintiff's confusion regarding the deposition transcript page numbers referenced by

15   defendant in the motion to compel and the undersigned in the October 20, 2022 order is not

16   grounds to reconsider the October 20, 2022 order.  Plaintiff could determine which pages in his

17   deposition transcript the court and defendant referred to by reviewing the deposition transcript.

18   Accordingly, plaintiff's motion for reconsideration on these grounds is denied.

19   In the motion for reconsideration, plaintiff claims that during his deposition he answered

20   defendant's questions regarding his physical injuries, defendant's failure to provide medical care,

21   his administrative exhaustion efforts and the names of potential witnesses.  (ECF No. 124 at 4.)

22   Plaintiff has not demonstrated that the October 20, 2022 order finding that he failed to answer

23   follow-up questions regarding these matters was in error.  Accordingly, plaintiff's motion for

24   reconsideration on these grounds is denied.

25   In the motion for reconsideration, plaintiff claims that he filed objections to defendant's

26   "motion to depose" plaintiff.  (Id.)  Plaintiff claims that he informed the court in these objections

27   that the deposition would be oppressive, unnecessary or harassing because plaintiff is uneducated

28   and untrained in the law.  (Id.)

On October 1, 2021, defendant filed a motion to depose plaintiff by remote means.  (ECF No. 82.)  On October 5, 2021, the undersigned granted this motion.  (ECF No. 83.)  On October 12, 2021, and October 15, 2021, plaintiff filed objections to defendant's motion to depose him by remote means.  (ECF Nos. 86, 87.)  On October 20, 2021, the undersigned affirmed the October 5, 2021 order granting defendant's motion to depose plaintiff by remote means after considering plaintiff's objections.  (ECF No. 88.)

The undersigned finds that reconsideration of the October 20, 2022 order based on plaintiff's previously filed objections to defendant's motion to depose plaintiff by remote means is not warranted.  Accordingly, plaintiff's motion for reconsideration on these grounds is denied.

In the motion for reconsideration, plaintiff contends that he should not be required to provide further responses to the deposition questions because defendant Pleshchuck admitted liability in her response to plaintiff's first set of interrogatories.  (ECF No. 124 at 4.)  Plaintiff failed to attach defendant Pleshchuck's responses to interrogatories where she allegedly admitted liability.  For this reason, the undersigned cannot evaluate this claim.  Accordingly, plaintiff's motion for reconsideration on these grounds is denied.

In the motion for reconsideration, plaintiff contends that he provided the court with information regarding how California Department of Corrections and Rehabilitation ("CDCR") officials hinder or prevent plaintiff from filing grievances.  (Id. at 5.)

In the October 20, 2022 order, the undersigned ordered that defendant could serve plaintiff with an interrogatory asking plaintiff to identify the log numbers for all CDCR 602 grievances that exhaust administrative remedies regarding the claims against defendant Pleshchuck.  (ECF No. 122 at 12.)  If prison officials thwarted plaintiff's attempt to exhaust a grievance raising his claims against defendant Pleshchuck, plaintiff shall include the log number of this grievance in response to defendant's interrogatory regarding this matter.  That CDCR officials hindered or prevented plaintiff from filing grievances is not grounds to reconsider the October 20, 2022 order.  Accordingly, plaintiff's motion for reconsideration on these grounds is denied.

////

////

4

In the motion for reconsideration, plaintiff contends that it will be a difficult and possibly harmful task for plaintiff to produce the documents to defendant, as ordered in the October 20, 2022 order.  (ECF No. 124 at 5.) Plaintiff's claim that providing supplemental responses to request for production of documents nos. 2-5 and 9-11 will be difficult is not grounds to reconsider the October 20, 2022 order.  Plaintiff's claim that providing these supplemental responses will possibly be a harmful task is vague and unsupported.  Accordingly, plaintiff's motion for reconsideration on these grounds is denied.

For the reasons discussed above, plaintiff's motion for reconsideration of the October 20, 2022 order is denied.

Plaintiff's Motion for Extension of Time (ECF No. 123)

Plaintiff requests an extension of time to provide defendant with supplemental responses to request for production of documents nos. 2-5 and 9-11, as ordered by the undersigned on October 20, 2022.  Plaintiff alleges that in order to provide the supplemental responses, he must review and obtain copies of documents from his C-file and medical/mental health records. Plaintiff alleges that he will be required to file an administrative grievance to obtain these reviews.  Plaintiff states that he will also need a court order to review these records.

In order to review his C-file and medical/mental health records, plaintiff may submit a request to the appropriate prison official for an "Olsen Review."[2]  If plaintiff is denied access to records that he believes are responsive to request nos. 2-5 and 9-11, he shall notify defendant in his supplemental response.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration of the October 20, 2022 order granting defendant's motion to compel (ECF No. 124) is denied; the October 20, 2022 order is affirmed;

////

_____

[2] See In re Olsen, 37 Cal. App. 3d 783 (1974).  "An Olsen review is an administrative procedure which allows an inmate to review his central file."  Johnson v. Echano, 2016 WL 4239414, at *4 n.5 (N.D. Cal. Aug. 11, 2016).

2.  Plaintiff's motion for extension of time (ECF No. 123) is granted; plaintiff is granted thirty days from the date of this order to serve defendant with supplemental responses to request for production of documents nos. 2-5 and 9-11.

Dated:  December 12, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Harr1751.req

6